UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAMES BERGER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CMC STEEL US, LLC d/b/a<br>CMC REBAR,<br><br>　　Defendant. | Case No.  3:24-CV-21-BJB |

## NOTICE OF REMOVAL

Defendant CMC Steel U.S., LLC d/b/a CMC Rebar ("Defendant" or "CMC"), removes this action to this Court, under 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Western District of Kentucky, Louisville Division. This action is removable because the Court has original jurisdiction over the Plaintiff James Berger's pleaded claim arising under the Americans with Disabilities Act, 42 U.S.C. § 12111 ("ADA"). The Court has supplemental jurisdiction over Plaintiff's Kentucky law claims because they share a common nucleus of operative facts, namely Plaintiff not being returned to work and Plaintiff's termination. The Court also has diversity jurisdiction over all claims because Plaintiff and Defendant are diverse and the amount in controversy exceeds $75,000.

**I.     Grounds for Original Jurisdiction**

Federal courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States," commonly referred to as federal-question jurisdiction. 28 U.S.C. § 1331. Federal-question jurisdiction is properly invoked when a plaintiff pleads a cause of action

that is created by federal law that the plaintiff could have brought in federal district court originally. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Plaintiff filed his complaint about December 5, 2022 in Jefferson Circuit Court in the Commonwealth of Kentucky, Civil Action No. 23-CI-007480. Defendant was served on December 11, 2023. A copy of Plaintiff's Complaint filed in Civil Action No. 23-CI-007480 is attached as Exhibit 1, and a copy of Plaintiff' Summons served on Defendant is attached as Exhibit 2.

Claim One of Plaintiff's Complaint is brought under federal law, specifically the ADA, 42 U.S.C. § 12111. Plaintiff alleges he suffered an injury to his left thumb that resulted in him having a lifting restriction. (Complaint, ¶¶ 7–11.) Plaintiff alleges he is a qualified individual with a disability, as defined by 42 U.S.C. § 12111(8). (Complaint, ¶ 29.) Plaintiff alleges his physical impairment required an accommodation from Defendant, but Defendant denied both requests, failed to engage in the interactive process, and terminated his employment. (Complaint, ¶¶ 5, 32–35.)

Claim One of Plaintiff's Complaint thus pleads a claim arising under federal law, and the Court has original jurisdiction over it.

## II.   **Grounds for Supplemental Jurisdiction**

When a federal court has original jurisdiction, "it also has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy.'" *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Id.* (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)).

Claims Two and Three of Plaintiff's Complaint share a common nucleus of operative facts with Claim One because they each concern the reason Plaintiff did not return to work and termination of his employment. In Claim Two, Plaintiff alleges "CMC's refusal to return Berger to work and its decision to terminate his employment were based on his age" in violation of Ky. Rev. Stat. 344.040. (Complaint, ¶ 41.) In Claim Three, Plaintiff alleges "CMC's refusal to return Berger to work and later to terminate his employment [was] retaliation for engaging in protected conduct in violation of [Ky. Rev. Stat. 342.197]." (Complaint, ¶ 47.) Claim One similarly alleges CMC's decisions to not return Berger to work and to terminate his employment were discriminatory under the ADA. (*See* Complaint, ¶¶ 33–35.) The claims, therefore, form part of the same case or controversy, and the Court has supplemental jurisdiction over Claim Two and Claim Three of Plaintiff's Complaint.

Because all of Plaintiff's claims share a common nucleus of operative fact, exercising supplemental jurisdiction serves the interest of judicial economy by ensuring the same operative facts are decided together in a single proceeding. *Craycroft v. Dakkota Integrated Sys, LLC*, No. 3:15-cv-00654-CRS, 2016 WL 6780351, at *1 (W.D. Ky. Feb. 8, 2016). The fact that Claim Three arises under Kentucky's workers' compensation statute does not affect the exercise of the Court's supplemental jurisdiction. *Id.* ("Craycroft's argument that the mere existence of a workers' compensation claim in an action requires the Court to remand the matter to state court is without merit." "As the Court has original jurisdiction over part of the action, it serves the interest of judicial economy to exercise supplemental jurisdiction over the workers' compensation claim to ensure that the same operative facts are decided together in a single proceeding.").

The Court, therefore, has supplemental jurisdiction over Claim Two and Claim Three of Plaintiff's Complaint, and the interest of judicial economy is served by the Court's exercise of supplemental jurisdiction.

### III. Grounds for Diversity Jurisdiction

Federal district courts have diversity jurisdiction where the parties are citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A. Diversity of citizenship exists because Plaintiff is a citizen of Kentucky and Defendant is a citizen of Texas.**

For the purpose of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Ya Landholdings, LLC v. Sunshine Energy, KY I, LLC*, 871 F. Supp. 2d 650, 652 (E.D. Ky. 2012) (quoting *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir.2009)).

Diversity of citizenship exists in this case. According to his Complaint, Plaintiff is a citizen of Kentucky. (Complaint, ¶ 1.) Defendant is a limited liability company with its principal place of business in Irving, Texas. (Complaint, ¶ 2.) According to Kentucky Secretary of State filings, Defendant is a limited liability company formed in the State of Delaware. Attached as Exhibit 3 is a true and correct copy of CMC's most recent Annual Report on file with the Kentucky Secretary of State. CMC's sole member is Commercial Metals Company, which is incorporated under the laws of Delaware and has its principal place of business in Irving, Texas. Attached as Exhibit 4 is the declaration of Britney Prince, Head of Litigation and Labor and Employment, who has personal knowledge of the ownership structure of CMC. Defendant, therefore, is a citizen of Texas. Because Plaintiff is a citizen of Kentucky and Defendant is a citizen of Texas, there is complete diversity among the parties.

### B. The amount in controversy exceeds $75,000.

In his Complaint, Plaintiff seeks to recover damages for lost wages and benefits, emotional distress, liquidated damages, punitive damages, pre- and post-judgment interest, and attorney fees and costs. (Complaint, ¶¶ 36, 42, 48; Complaint pp. 7-8 (request for relief)). Plaintiff does not allege damages in any specified amount. (*See* Complaint.) "Kentucky Rule of Civil Procedure 8.01(a) provides for a 'short and plain statement . . . showing that the pleader is entitled to relief'" and, therefore, even if a plaintiff were to include an "exacting statement in her Complaint" concerning the amount in controversy, it would not be "procedurally proper, and could be ignored or amended at a later time in these proceedings." *Cook v. Moore*, 2012 WL 5398046 (W.D. Ky. Nov. 2, 2012); *see also* 8 U.S.C. § 146(c)(2)(A)(ii) and (B). Therefore, 28 U.S.C. §1446's provisions permitting a defendant to assert the amount of controversy in its notice of removal are applicable in this Court "because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings." *Carneal v. Travelers Casualty Ins. of Am.*, 2013 WL 85148 (W.D. Ky. Jan. 7, 2013).

In seeking removal, Defendant need only show it is more likely than not that the amount in controversy is above $75,000. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Plaintiff has not worked for Defendant since his thumb injury on October 2, 2020. (*See* Complaint, ¶¶ 7, 12, 22.) At the time of the injury, Plaintiff's average weekly wage was $1,322.77. Attached as Exhibit 5 is the declaration of Director of Human Resources, Northeast Division, Katie Williams, who is familiar with Plaintiff's compensation and benefits. According to his Complaint,

Plaintiff could have returned to work in March 2021, meaning Plaintiff is seeking to recover lost wages from no later than April 1, 2021 to present. (*See* Complaint, ¶¶ 18–21.) There were 144 weeks between April 1, 2021 and the date of this filing, January 10, 2024. Multiplying Plaintiff's average weekly wage of $1,322.77 by 144 weeks shows Plaintiff's alleged lost wages are at least $190,478.88. Defendant paid Plaintiff $53,792.85 in Temporary Total Disability benefits (Exhibit 5, ¶ 3), and subtracting that amount, Plaintiff's alleged lost wages still exceed $136,000.

Based on lost wages, without accounting for the other alleged damages, the amount in controversy far exceeds $75,000.

### IV. Defendant's Removal is Timely

Defendant received a copy of the Complaint and Summons on December 11, 2023. (Exhibit 2.) This Notice of Removal is being filed within thirty days after Defendant received a copy of the Complaint and is timely filed under 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon Plaintiff, and will be field with the Clerk of the Jefferson County Circuit Court.

### VI. Conclusion

Removal of this action is proper because this Court has jurisdiction over all claims and it was timely filed. Defendant removes this action from the Jefferson County Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

Dated this 10th day of January, 2024.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Michael C. Mohler*
    Michael C. Mohler, Atty. No. 34703-49
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    300 N. Meridian St., Suite 2700
    Indianapolis, IN 46204
    Telephone: 317.916.2537
    Facsimile:  317.916.9076
    Email: *michael.mohler@ogletree.com*

Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I certify that on January 10, 2024, a copy of the foregoing document was filed electronically with the Clerk of the Court using the electronic filing system. Notice of this filing will be sent to all counsel of record via the Courts electronic filing system.

  Michele Henry
  Tyler Larson
  CRAIG HENRY PLC
  401 West Main Street
  Suite 1900
  Louisville, KY 40202
  *mhenry@craighenrylaw.com*
  *tlarson@craighenrylaw.com*

              *s/ Michael Mohler*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 N. Meridian St.
Suite 2700
Indianapolis, IN 46204

59974676.v1-OGLETREE